# GERAGOS & GERAGOS

A PROFESSIONAL CORPORATION
LAWYERS
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA  90017-3411
TELEPHONE  (213) 625-3900
FACSIMILE  (213) 232-3255
GERAGOS@GERAGOS.COM

MARK J. GERAGOS          SBN 108325
mark@geragos.com
BEN J. MEISELAS          SBN 277412
ben@geragos.com
MATTHEW M. HOESLY        SBN 289593
mhoesly@geragos.com

**GRAYLAW GROUP, INC.**
26500 Agoura Road, #102-127
Calabasas, CA 91302
Telephone: (818) 532-2833
Facsimile: (818) 532-2834
MICHAEL E. ADLER         SBN 236115
meadler@graylawinc.com

**DHILLON LAW GROUP INC.**
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593
HARMEET K. DHILLON       SBN: 207873
harmeet@dhillonlaw.com
NITOJ P. SINGH           SBN: 265005
nsingh@dhillonlaw.com

*Attorneys for Plaintiffs and the Proposed Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

<table>
<tr><td>

AMERICAN VIDEO DUPLICATING,
INC., a California corporation; TUSH LAW
LTD., a California limited partnership, and
KENNETH M. HAHN, a sole proprietor,
DBA CAL STATE FINANCIAL,
individually and on behalf of a class of
similarly situated businesses and individuals,

Plaintiffs,

vs.

</td><td>

Case No.: 2:20-cv-03815-ODW-AGR

**CORRECTED FIRST AMENDED
CLASS ACTION COMPLAINT FOR
DECLARATORY RELIEF AND
DAMAGES**

**(1) DECLARATORY RELIEF**

**(2) UNFAIR BUSINESS
PRACTICES IN VIOLATION
OF CALIFORNIA BUSINESS &
PROFESSIONS CODE § 17200,**
*et seq.*

</td></tr>
</table>

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA  90017-3411

- 1 -

CITIGROUP INC.; CITIBANK, N.A.; U.S. BANCORP; U.S. BANK, N.A.; JPMORGAN CHASE & CO.; JPMORGAN CHASE BANK, N.A.; WELLS FARGO & CO.; WELLS FARGO BANK, N.A.; BANK OF AMERICA CO.; BANK OF AMERICA N.A.; MUFG BANK LTD.; MUFG UNION BANK N.A.; LIVE OAK BANCSHARES INC.; LIVE OAK BANKING COMPANY; NEWTEK BUSINESS SERVICES, INC.; HARVEST SMALL BUSINESS FINANCE; and DOE LENDERS 1 to 4,975, inclusive,

Defendants.

**(3) UNJUST ENRICHMENT**

**DEMAND FOR JURY TRIAL**

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

Plaintiffs American Video Duplicating, INC., Tush Law, LTD., and Kenneth M. Hahn, a sole proprietor, dba Cal State Financial, bring this class action complaint on behalf of themselves and those similarly situated (hereinafter "Plaintiffs") against Defendants Citigroup, INC., Citibank N.A., U.S. Bancorp, U.S. Bank N.A., JPMorgan Chase & CO., JPMorgan Chase Bank, N.A., Wells Fargo & CO., Wells Fargo Bank, N.A.; Bank of America CO., Bank of America N.A.; MUFG Bank LTD., MUFG Union Bank N.A.; Live Oak Bancshares Inc., Live Oak Banking Company; Newtek Business Services, Inc.; Harvest Small Business Finance; and DOE LENDERS 1 to 4,975, inclusive, (hereinafter "Defendants") to stop Defendants' unlawful conduct and to obtain monies owed as a result of Defendants' conduct. For their class action complaint, Plaintiffs allege as follows based upon their knowledge and upon information and belief, including investigation conducted by their attorneys.

## PARTIES

1.      Plaintiff, American Video Duplicating, Inc. ("AVD") is a California corporation organized and authorized to do business and doing business in the State of California. Among providing other services, AVD is a consulting firm in good standing with the State of California. President, David M. Wohl ("Wohl"), has been a business consultant since 1996. In the 1980s, Wohl passed all four parts of the CPA Exam. Wohl

was licensed as a CPA on or about December 16, 2010. AVD is located at 12722 Riverside Drive, #204, Valley Village, CA 91607.

2.      Plaintiff, Tush Law Ltd., ("TLL") is a California limited partnership authorized to do business and doing business in the State of California. TLL is a law firm in good standing with the State of California. President, Alan S. Turlington ("Turlington") received his JD from Georgetown University Law Center and became a licensed California attorney on December 3, 2013. Turlington founded TLL on January 3, 2018. TLL is located at 2024 N. Broadway, Suite 204, Santa Ana, CA 92706.

3.      Plaintiff, Kenneth M. Hahn, DBA Cal State Financial ("CSF") is a sole proprietorship organized and authorized to do business and doing business in the State of California. CSF has been in business for approximately twenty-nine (29) years, and Hahn has been a Registered Tax Preparer in good standing with the State of California for seven (7) years. CSF is located at 1108 Sartori Ave., #200, Torrance, CA 90501.

4.      Upon information and belief, at all relevant times, Defendant, Citigroup, Inc., is a Delaware corporation and the parent company of Citibank., N.A. Citigroup, Inc., engages in the provision of financial products and services in all 50 states and internationally. Citigroup, Inc., is headquartered in New York, New York. Through its subsidiaries, Citigroup, Inc., conducts substantial business in the State of California.

5.      Upon information and belief, at all relevant times, Defendant Citibank N.A., ("Citi") is the consumer division of financial services multinational Citigroup, Inc and is headquartered in New York, New York. Citi conducts substantial business in this District.

6.      Upon information and belief, at all relevant times, Defendant U.S. Bancorp, is a Delaware corporation and the parent company of U.S. Bank., N.A. U.S. Bancorp is an American bank holding company that provides banking, investment, mortgage, trust and payment services to individuals, businesses, governmental entities, and other financial institutions. U.S. Bancorp is headquartered in Minneapolis, Minnesota. Through its subsidiaries, U.S. Bancorp conducts substantial business in this District.

7.      Upon information and belief, at all relevant times, Defendant U.S. Bank N.A., ("US Bank") operates more than 3,000 banking offices and nearly 5,000 ATMS, and provides a comprehensive line of banking, brokerage, insurance, investment, mortgage, trust and payment-services products to consumers, businesses and institutions. US Bank is headquartered in Minneapolis, Minnesota, and conducts substantial business in this District.

8.      Upon information and belief, at all relevant times, Defendant JPMorgan Chase & CO., is a Delaware corporation and the parent of all Chase entities. JPMorgan Chase & CO. is a diversified financial services company providing banking, insurance, investments, mortgage banking, and consumer finance to individuals, businesses and institutions in all 50 states and internationally. Chase & CO. is headquartered in New York, New York. Through its subsidiaries, JPMorgan Chase & CO. conducts substantial business within this District.

9.      Upon information and belief, at all relevant times, Defendant JPMorgan Chase Bank N.A., ("Chase") is the main bank of Chase & CO. and is headquartered in Columbus, Ohio. Chase conducts substantial business within this District.

10.     Upon information and belief, at all relevant times, Defendant Wells Fargo & CO. is a Delaware corporation and the parent company of Wells Fargo Bank N.A. Wells Fargo & CO. is an American multinational financial services company headquartered in San Francisco, California. Through its subsidiaries, Wells Fargo & CO. conducts substantial business within this District.

11.     Upon information and belief, at all relevant times, Defendant Wells Fargo Bank N.A., ("Wells Fargo") is the national bank and subsidiary of Wells Fargo & CO. Wells Fargo is headquartered in San Francisco, California, and conducts substantial business within this District.

12.     Upon information and belief, at all relevant times, Defendant Bank of America, CO., is a Delaware corporation and the parent company of Bank of America N.A. Bank of America, CO., is an American multinational investment bank and financial

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

services company and headquartered in Charlotte, North Carolina. Through its subsidiaries, Bank of America, CO. conducts substantial business within this District.

13.     Upon information and belief, at all relevant times, Defendant Bank of America, N.A., ("BofA") is a federally chartered bank and a subsidiary of Bank of America, CO., BofA is headquartered in Charlotte, North Carolina and conducts substantial business within this District.

14.     Upon information and belief, at all relevant times, Defendant MUFG Bank Ltd., is a Japanese bank and wholly owns MUFG Union Bank, N.A. ("MUFG").  MUFG is a subsidiary of MUFG Bank Ltd., and an American full-service bank with 398 branches in California, Washington, and Oregon. MUFG is headquartered in New York, New York, and conducts substantial business within this District.

15.     Upon information and belief, at all relevant times, Defendant Live Oak Bancshares Inc., is a North Carolina corporation and the holding company of Live Oak Banking Company. Live Oak Bancshares is in the business of State commercial banks and headquartered in Wilmington, North Carolina.

16.     Upon information and belief, at all relevant times, Defendant Live Oak Banking Company ("Live Oak") is a subsidiary of Live Oak Bancshares, Inc. Live Oak specializes in originating business loans that are guaranteed by the SBA. Live Oak is headquartered in Wilmington, North Carolina, and conducts substantial business within the State of California.

17.     Upon information and belief, at all relevant times, Defendant Newtek Business Services, Inc. ("Newtek") is a New York corporation and authorized to do business and conducting business in the State of California. Newtek is a services business that provides solutions designed to help organizations grow sales, reduce costs, and minimize risk. Newtek is headquartered in New York, New York.

18.     Upon information and belief, at all relevant times, Defendant, Harvest Small Business Finance ("Harvest") is a limited liability company organized and authorized to do business and doing business in the State of California. Harvest is a non-

bank lender with the specific goal of serving small business borrowers and is located at 24422 Avenida De La Carlota, Suite 232, Laguna Hills CA 92653.

19.     In this Complaint, when reference is made to any act of any Defendant, such shall be deemed to mean that officers, directors, agents, employees, or representatives of the Defendant named in this lawsuit committed or authorized such acts, or failed and omitted to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation or control of the affairs of the Defendant and did so while acting within the scope of their employment or agency.

20.     Plaintiffs are unaware of the names, identities, or capacities of the Defendants sued as Doe Lenders 1 to 4,975, but are informed and believe and thereon allege that such fictitiously-named defendants are responsible in some manner for the damages and unfair business practices and violation of rights as described in this Complaint. Plaintiffs will amend this Complaint to state the true names, identities, or capacities of such fictitiously-named Defendants when ascertained.

## JURISDICTION AND VENUE

21.     The Court has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. §1332(d), because this is a proposed class action in which (1) at least some members of the proposed Class have different citizenship from Defendant(s); (2) the proposed class consists of more than 100 persons or entities; and (3) the claims of the proposed members of the Class exceed $5,000,000 in the aggregate.

22.     This Court has personal jurisdiction over Defendants because Defendants are residents of California, do business in this District, and a substantial number of the events giving rise to the claims alleged herein took place in California.

23.     The venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the alleged claims occurred in this District given that Plaintiff applied on behalf of its clients for PPP loans, and/or introduced its clients to the Defendants to obtain PPP loans, while in this District, and

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

Defendants marketed, promoted, and took applications for, and/or funded, PPP loans in this District.

## FACTUAL ALLEGATIONS

### Background

24. On January 21, 2020, the Center for Disease Control and Prevention ("CDC") confirmed the first U.S. case of a new coronavirus known as COVID-19.

25. On January 30, 2020, the World Health Organization ("WHO") declared the COVID-19 outbreak to be a "public health emergency of international concern."

26. On March 11, 2020, the WHO declared that the spread of COVID-19 had become a pandemic.

27. On March 13, 2020, President Trump issued the Coronavirus Disease 2019 (COVID-19) Emergency Declaration applicable to the United States that declared that the pandemic was of "sufficient severity and magnitude to warrant an emergency declaration for all states, territories and the District of Columbia."

28. The Trump Administration expressly recognized that with the COVID-19 emergency, "many small businesses nationwide are experiencing economic hardship as a direct result of the Federal, State, and local public health measures that are being taken to minimize the public's exposure to the virus." *See Small Business Administration - Business Loan Program Temporary Changes; Paycheck Protection Program*, *13 CFR Part 120*, *Interim Final Rule* (the "SBA PPP Interim Final Rule").

29. On March 19, 2020, Governor Gavin Newsom issued an executive Stay at Home Order in the State of California to prevent the spread of COVID-19.

30. On March 25, 2020, in response to the economic damage perpetrated by the COVID-19 crisis, the United States Senate passed the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act" or the "Act"). The CARES Act (P.L. 116-136) was passed by the House of Representatives the following day and signed into law by President Trump on March 27, 2020.

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

31.     The Act included $377 billion in federally-funded loans to small businesses and a $500 billion governmental lending program, administered by the United States Department of Treasury ("Treasury") and the Small Business Administration ("SBA"), a United States government agency that provides support to entrepreneurs and small businesses nationwide.

32.     As part of the CARES Act, the Federal Government created the $349 billion loan program, referred to as the "Paycheck Protection Program" ("PPP"), providing loans to small businesses originated from February 15, 2020, through June 30, 2020.  The PPP was created to provide American small businesses with eight weeks of cash-flow assistance, with a certain percentage forgivable if utilized to retain employees and fund payrolls. The loans are backed by the SBA, administered by Treasury, and funded through private lenders, including banks and financial services firms ("Lenders").  Pursuant to the SBA PPP Interim Final Rule, the PPP is a limited funding program, as funds are provided on a "first-come, first-served basis." *See* 13 CFR Part 120, p. 13.

33.     Treasury announced on April 3, 2020, that small businesses and sole proprietors could apply and receive loans to cover their payroll and other expenses through approved SBA Lenders. Beginning on April 10, 2020, independent contractors and self-employed individuals could apply as well[1].

34.     On April 24, 2020, President Trump signed the Paycheck Protection Program and Health Care Enhancement Act ("PPPEA"). The PPPEA added an additional $310 billion in PPP funding, bringing the total PPP funds available to lend to $659 billion.

35.     The Treasury's PPP Information Sheet (Lenders) (the "PPP ISL"), consistent with the SBA PPP Interim Final Rule (collectively, the "SBA Regulations"), creates a system with three (3) participants:

    a.  a Lender who funds the PPP loans backed by the Federal Government;

    b.  a small or medium-sized "main street" borrower who obtains the PPP loan for the specified purpose (the "Borrower"); and

[1] https://home.treasury.gov/system/files/136/PPP--Fact-Sheet.pdf

- 8 -

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

c. an independent agent (the "Agent"), often a local accountant, business consultant, attorney, employee of the applicant, or payroll service, who brings the Borrower to Lenders and helps shepherd the Borrower through the PPP loan process.

36. It is through the Agent that the PPP ensures the proper and efficient allocation of a limited pool of dollars under its "first come, first serve" approach. Under the SBA Regulations, both the Lenders and Agents are paid mandatory fees under the PPP for their respective work.

37. The SBA Regulations define Agent under the PPP to broadly include:

- An attorney;
- An accountant;
- A consultant;
- Someone who prepares an applicant's application for financial assistance and is employed and compensated by the applicant;
- Someone who assists a lender with originating, disbursing, servicing, liquidating, or litigating SBA loans;
- A loan broker; or
- Any other individual or entity representing an applicant by conducting business with the SBA."[2]

38. Without the critical and necessary work performed by Plaintiffs and the Class Members as Agents under the PPP, the CARES Act would not accomplish the United States Senate's expressed legislative intent: The Senate requested Treasury to "issue guidance to lenders and agents to ensure that the … loans prioritizes small business concerns and entities in underserved and rural markets, including veterans and members of the military community, small business concerns owned and controlled by socially and economically disadvantaged individuals…, women, and businesses in operation for less than 2 years."[3]

---

[2] https://home.treasury.gov/system/files/136/PPP%20Lender%20Information%20Fact%20Sheet.pdf

[3] H.R. 748, CARES ACT, PL 116-136 (March 27, 2020; 134 Stat. 281)

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

[Emphasis added].

39.    The SBA Regulations also expressly provide how each of the PPP participants (Borrower, Lender, and Agent) will benefit from (and be compensated under) the PPP.  For example, the PPP Borrower receives 100 percent (100%) of the loan without any deductions for fees or costs.

40.    For the Lenders, the SBA Regulations provide that they will be compensated based on the balance of the financing at the time of final disbursement (the "Lender Fees"). Specifically, the SBA is required to pay Lenders fees in the following amounts for processing PPP loans:

    a.  Five percent (5%) for loans of not more than $350,000;

    b.  Three percent (3%) for loans of more than $350,000 and less than $2,000,000; and

    c.  One percent (1%) for loans of at least $2,000,000.[4]

41.    For the Agents, the SBA Regulations provide that "Agent fees will be paid out of lender fees. The lender will pay the agent. Agents may not collect any fees from the applicant" (the "Agent Fees"). The total amount that an agent may collect from the lender for assistance in preparing an application for a PPP loan (including referral to the lender) may not exceed:

    a.  One (1) percent for loans of not more than $350,000;

    b.  0.50 percent for loans of more than $350,000 and less than $2 million; and

    c.  0.25 percent for loans of at least $2 million." (Emphasis Added).[5]

42.    The SBA Regulations also reflect that the Secretary of the Treasury, "determined that the agent fee limits set forth above are reasonable based upon the application requirements and the fees that lenders receive for making PPP loans.[6]

---

[4]  *Id.*

[5]  *Id.*

[6]  *See* Small Business Administration; Business Loan Program Temporary Changes; Paycheck Protection Program, 85 Fed. Reg. 20,816 (April 15, 2020).

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

43.     Based on information and belief, Defendants funded PPP loans for Borrowers represented by Plaintiffs and the proposed Class, received their Lender Fees from the Federal Government, and failed to pay the Agent Fees earned by the Plaintiffs and proposed Class out of the Lender Fees received.

44.     Defendants have either failed and refused to pay, or are willing to pay only a partial percentage of, the monies owed in Agent Fees to Plaintiffs and the proposed Class, thus retaining for themselves all of the statutory fees allotted by the Government for Agents as part of the PPP, despite the work performed by the Agents in assisting the Borrowers in securing their PPP loans.

**Plaintiffs, in their Roles as Agents, Assist their Clients With Applying for PPP Loans Under the CARES ACT**

45.     On or about March 25, 2020, Plaintiffs became aware that the CARES Act had been signed into law. Plaintiffs, knowing that the COVID-19 crisis would significantly impact their clients' businesses, assisted their clients with obtaining PPP loans through specific Defendants.

46.     Each Plaintiff spent considerable time familiarizing itself with the Act, and the related SBA Regulations, and in particular, (a) Section 1102, which permits the SBA to guarantee 100% of Section 7(a) loans under the PPP and (b) Section 1106 of the Act, which provides forgiveness of up to the full principal amount of qualifying loans guaranteed under the PPP.

47.     On or about April 2020, Plaintiffs, in their roles as Agents, assisted their clients as Borrowers under the PPP in the gathering and analysis of their documents, as well as the calculation and preparation of each loan application (the "Applications"), and in identifying Lenders who were processing PPP loans in the "race to the bank" environment that ensued as a result of the first-come, first-serve nature of the PPP.

48.     Based on the SBA Regulations, Plaintiffs understood that the only compensation they would receive was from the mandated Agent Fees that were advanced to the Lenders by the Federal Government for the Plaintiffs' and Class Members' benefit as

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

part of the statutory Lender Fees.

49.     To prepare the documentation, Plaintiffs assisted clients in gathering the required information and preparing the Applications, including the following, where applicable or necessary:

     a.  Loan Calculator Spreadsheet;

     b.  SBA Form 2483;

     c.  Addendum A: Affiliates;

     d.  Information on whether the applicant received an SBA Economic Injury Disaster Loan ("EIDL");

     e.  Certificate of Beneficial Ownership Interest;

     f.  Driver's Licenses;

     g.  Articles of Incorporation or Articles of Organization;

     h.  2019 IRS/State Payroll Forms;

     i.  2019 Payroll Summary Report by each Employee;

     j.  2019 Health Insurance Premium Paid, including each monthly statement or year-end summary;

     k.  2019 Retirement Matching Plan Paid, including each monthly statement or year-end summary;

     l.  2020 1st QTR 941 Form;

     m.  January 2020 Payroll Summary by Employee;

     n.  February 2020 Payroll Summary by Employee;

     o.  March 2020 Payroll Summary by Employee;

     p.  Health Insurance Premium Paid – January, February, and March 2020;

     q.  Retirement Matching Plan Paid – January, February, and March 2020;

     r.  Wiring Instruction; and

     s.  Copy of most recent bank statement (collectively, (a) – (s) above are part of the Application).

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

50.     In addition, Plaintiffs worked to identify Lenders who were taking Applications and funding PPP loans to connect the Borrowers to the limited federal funds available under the PPP.

51.     In good faith, Plaintiffs believed they would receive their earned Agent Fees from the Lenders after the funding of each of their clients' PPP loans as required by the SBA Regulations.

52.     Defendants did not comply with the SBA Regulations in distributing the Agent Fees from their Lender Fees paid to them by the Federal Government under the PPP.

53.     Specifically, Defendants as Lenders under the PPP, and without any legal authority under the SBA Regulations or otherwise, refused to pay Agents the required statutory Agent Fees from the fees they obtained from the Government despite demand, or the Defendants repudiated the Agent's role and refused to pay the required Agent Fees as a general policy.

54.     As a result of Defendants' unlawful actions, Plaintiffs and the proposed Class have suffered financial harm by being deprived of the statutorily mandated compensation for the professional services that they provided in connection with assisting their clients in applying for and obtaining PPP loans, and by being denied by Defendants just compensation for playing the vital role of Agent in the PPP process on behalf of the intended beneficiaries of the program, the small business owner.

**Class Action Certification**

55.     As noted above, Plaintiffs bring this action on behalf of themselves and all others similarly situated as a state and nationwide Class, defined below.

56.     Plaintiffs, in accordance with Fed. R. Civ. P. 23(b)(1), (b)(2), (b)(3) and (b)(4), seek to represent a Class composed of and defined as follows:

a.   All Agents as that term is defined by the SBA Regulations that facilitated small businesses to receive a loan under the PPP, i.e., met the criteria for eligibility

- 13 -

and were not otherwise ineligible, between February 15, 2020, and June 30, 2020, who timely applied for a PPP loan through various Lenders and were processed and approved for funding (the "Class").

b.  An "Agent" as defined by the SBA Regulations is as follows:

   i.  an attorney,

   ii.  an accountant,

   iii.  a consultant,

   iv.  someone who prepared an applicant's application for financial assistance and is employed and compensated by applicant,

   v.  someone who assists a lender with originating, disbursing, servicing liquidating, or litigating SBA loans,

   vi.  a loan broker, or

   vii.  any other individual or entity representing an applicant by conducting business with the SBA.

57.     Plaintiffs reserve the right to expand, limit, modify, or amend this Class definition, including the addition of one or more subclasses, in connection with Plaintiffs' motion for class certification, or any other time, based upon, *inter alia*, changing circumstances and/or new facts obtained during discovery.

58.     *Numerosity:* The Class is composed of thousands of Agents (the "Class Members"), whose joinder in this action would be impracticable. The disposition of their claims through this class action will benefit all Class Members, the parties, and the courts.

59.     *Commonality:* There is a commonality in questions of law and fact affecting the Class. *See* Fed. R. Civ. P. 23(a)(2). These questions of law and fact include, but are not limited to, the following:

   a.  Did Defendants comply with all applicable SBA Regulations in processing Applications for PPP funds and in distributing PPP funds?

   b.  Did Defendants comply with their legal obligations under the terms of the CARES Act as a lender of the PPP funds?

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

c. Did Defendants have a policy and/or practice of failing to compensate Agents and pay them the required Agent Fees for their work in facilitating PPP loans to the detriment of the Class?

d. Did Defendants prioritize their origination own fees over abiding by the CARES Act and PPP specifications?

e. Did Defendants' conduct constitute an "unfair business practice" under California Business & Professions Code § 17200, *et seq.*?

f. Did Defendants possess exclusive knowledge of material facts, concerning the Application process, i.e., that the Agents would not receive the required Agent Fees compensation when assisting applicants with PPP loan process?

g. Did Defendants actively conceal a material fact or facts from the Plaintiffs, i.e., that the Agents were not going to receive their earned Agent fees when assisting with the Applications?

h. Whether Defendants' conduct, as alleged herein, was intentional and knowing?

i. Did Defendants frustrate and tortiously interfere with Plaintiff and the Class Members reasonable expectations of receiving the Agent Fees when assisting the Borrowers for PPP loans that were funded;

j. Whether Class Members are entitled to damages and/or restitution, and if so, what is the amount of revenues and/or profits Defendants received and/or was lost by Class Members as a result of the conduct alleged herein?

k. Whether Defendants are likely to continue to mislead the public and Class Members and continue to violate SBA Regulations regarding paying Agents their earned fees under the CARES Act; and

l. Whether Plaintiffs and Class Members are entitled to an award of punitive damages, pre-judgment interest, and costs of suit.

60.    *Superiority*: In engaging in the conduct described herein, Defendants have acted and/or failed to act on grounds generally applicable to Plaintiffs and other Class Members. Such conduct requires the Court's imposition of uniform relief to ensure

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

compatible standards of conduct toward Class Members. A class action is superior to all other available means for the fair and efficient adjudication of Plaintiffs' and the Class Members' claims. Few, if any, Class Members could afford to seek legal redress of the wrongs complained herein on an individual basis. Absent class action, Class Members and the general public would not likely recover, or have the chance to recover, damages or restitution, and Defendants would be permitted to retain the fruits of their misdeeds. Any difficulties that might occur in the management of this proposed class action are insubstantial. *See* Fed. R. Civ. P. 23(b)(1)(A).

61.     *Typicality*: Plaintiffs' claims are typical of, and are not antagonistic to, the claims of all Class Members. *See* Fed. R. Civ. P. 23(a)(3). Plaintiffs and the Class Members have all been deceived by Defendants' unfair and unlawful PPP loan application and funding practices, as alleged herein. The factual and legal basis of Defendants' liability to Plaintiffs and each Class Member as a result of Defendants' actions are described herein. Defendants' purported defenses to the claims, both legal and factual, are typical of the defenses they would try to raise to the Class claims.

62.     *Adequacy*: Plaintiffs are adequate representatives of the Class because they are members of the Class, and Plaintiffs' interests do not conflict with the interests of the other Class Members that Plaintiffs seek to represent. *See* Fed. R. Civ. P. 23(a)(4). Plaintiffs will fairly and adequately represent and protect the interests of the other Class Members. Plaintiffs have retained counsel with substantial experience in litigating complex cases, including consumer fraud and class actions. Both Plaintiffs and their counsel will vigorously prosecute this action on behalf of the Class and have the financial ability to do so. Neither Plaintiffs nor counsel have any interest adverse to other Class Members.

63.     *Ascertainability*: Plaintiffs are informed and believe that Defendants keep extensive electronic records of their loan applications through, *inter alia*, computerized loan application systems, and Federally-mandated record-keeping practices. Defendants have one or more databases through which all of the borrowers may be identified and ascertained, and it maintains contact information, including email and mailing addresses.   From this

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

information, the existence of the Class Members (i.e., the Agent for the Borrower) can be determined, and thereafter, a notice of this action can be disseminated in accordance with due process requirements.

64. *Predominance*: The above questions of law and fact predominate over individual questions affecting the Class Members. Defendants' conduct described in this Complaint all stems from ignoring their obligations under the SBA Regulations setting forth the policy and procedures for payment of Agent Fees that are readily calculable from Defendants' records and other Class-wide evidence. Class Members do not have an interest in pursuing separate individual actions against Defendants as the amount of each Class Member's claim is relatively small compared to the expense and burden of individual prosecution. The management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class Members' claims in a single action. *See* Fed. R. Civ. P. 23(b)(3).

65. Neither Plaintiff nor the Class has previously litigated the claims asserted in this Complaint.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**On Behalf of the Class**

**Against All Defendants**

### (DECLARATORY RELIEF)

66. Plaintiffs hereby incorporate by reference the foregoing allegations as if fully set forth herein.

67. Plaintiffs assert this cause of action on behalf of themselves and other Class Members as Agents as defined by the SBA as follows: (i) an attorney; (ii) an accountant; (iii) a consultant; (iv) someone who prepared an applicant's application for financial assistance

and is employed and compensated by applicant; (v) someone who assists a lender with originating, disbursing, servicing liquidating, or litigating SBA loans; (vi) a loan broker; or (vii) any other individual or entity representing an applicant by conducting business with the SBA.

68.     Plaintiffs, as Agents under the SBA, assisted their clients with submitting their Applications to obtain PPP loans under the CARES Act. Defendants failed to pay Agent Fees owed to Plaintiffs as required by the SBA Regulations. Instead, Defendants kept all of the origination and processing fees for themselves, in direct violation of the SBA Regulations.

69.     An actual justiciable controversy has arisen between Plaintiffs and Defendants as to the Agent Fees owed to Plaintiffs by Defendants, and, upon information and belief, Defendants either deny that any Agent Fees are owed to Plaintiffs or claim that only a percentage of the Agent Fees are owed.

70.     Plaintiffs and the Class Members have a legally protectable interest under the SBA Regulations in that they are entitled to their mandated Agent Fees in connection with the professional services rendered to their clients in preparing and submitting Applications for PPP funds.

71.     Defendants have failed and refused, and continue to fail and refuse, to pay the mandated Agent Fees to the Agents as required under the SBA Regulations.

72.     Plaintiff and the Class Members seek a declaration in accordance with SBA Regulations that Defendants are required under the SBA Regulations to pay the Agent Fees at the statutory amount on each loan funded involving an Agent. The calculations in support of the statutory amount are shown in Attachment "A" hereto.

## SECOND CAUSE OF ACTION

**On Behalf of the Class**

**Against All Defendants**

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

**(Violation of the "Unfair" Prong of the UCL, California Business & Professions Code § 17200, *et seq*.)**

73.     Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

74.     Plaintiffs assert this cause of action on behalf of themselves and the other Class Members as Agents, as defined by the SBA as follows: (i) an attorney; (ii) an accountant; (iii) a consultant; (iv) someone who prepared an applicant's application for financial assistance and is employed and compensated by applicant; (v) someone who assists a lender with originating, disbursing, servicing liquidating, or litigating SBA loans; (vi) a loan broker; or (vii) any other individual or entity representing an applicant by conducting business with the SBA.

75.     The California Unfair Competition Law (hereinafter "UCL") defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice.

76.     A business act or practice is "unfair" under the UCL if the reasons, justifications, and motives of the alleged wrongdoer are outweighed by the gravity of the harm to the alleged victims.

77.     Defendants have violated the "unfair" prong of the UCL by undermining the Application process and the Agent Fees payment requirements.

78.     Defendants engaged in lending to businesses under the PPP and thus were required to abide by obligations set forth in the SBA Regulations.

79.     Plaintiffs as well as all Class Members engaged in helping clients apply for PPP loans with the understanding consistent with the SBA Regulations, that while they were not permitted to charge their clients fees for their professional services in assisting in compiling the Applications,  they would be compensated through the mandated Agent Fees from the Lenders.

80.     Defendants are well aware, or should have been well aware, of the mandated Agent Fees owed to the Agents under the SBA Regulations.

81.     Defendants' unfair practices occurred during the Application process when Plaintiff rendered services to its clients in anticipation of being paid the mandated Agent

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

Fees by the Lenders, only to be denied all or a portion of the Agent Fees owed under the SBA Regulations.

82.   Defendants' unfair practices of refusing to pay the mandated Agent Fees and their failure to adhere to the SBA Regulations as to PPP loans are the proximate cause of Plaintiff's damages.

83.   These acts and practices were unfair because Defendants withheld monies owed to Plaintiff that were clearly provided for pursuant to the SBA Regulations.

84.   The gravity of the harm to Class Members resulting from these unfair acts and practices outweighed any conceivable reasons, justification, and/or motives of Defendants. By committing the acts and practices alleged above, Defendants engaged in unfair business practices within the meaning of California Business & Professions Code §17200, *et seq*.

85.   Through their unfair acts and practices, Defendants have improperly obtained money from the Federal Government at the expense of Plaintiffs and the Class.

86.   As such, Plaintiffs request that this Court cause Defendants to disgorge this money to Plaintiff and all Class Members, enjoin Defendants from continuing to violate the UCL as discussed herein, and award Plaintiff such other damages and relief this Court deems just and proper.

87.   Plaintiffs, the Class, and members of the public will be harmed and/or denied an effective and complete remedy if such an order is not granted.

### THIRD CAUSE OF ACTION

**On Behalf of the Class**

**Against All Defendants**

### (UNJUST ENRICHMENT)

88.   Plaintiffs hereby incorporate by reference the foregoing allegations as if fully set forth herein.

89.   Plaintiffs assert this cause of action on behalf of themselves and other Class Members as Agents as defined by the SBA as follows: (i) an attorney; (ii) an accountant; (iii)

a consultant; (iv) someone who prepared an applicant's application for financial assistance and is employed and compensated by applicant; (v) someone who assists a lender with originating, disbursing, servicing liquidating, or litigating SBA loans; (vi) a loan broker; or (vii) any other individual or entity representing an applicant by conducting business with the SBA.

90.     Defendants have been, and continue to be unjustly enriched, to the detriment and at the expense of Plaintiffs and the Class Members as a result of Defendants' wrongful withholding of Agent Fees from the Lender Fees they received, and are now owed to Plaintiffs and the Class.

91.     Defendants have been unjustly benefitted through the unlawful and wrongful retention of monies due to the Agents (i.e., the Agent Fees) as a result of the funding of the PPP loans, and Defendants' receipt of their Lender Fees under the same program. Specifically, Defendants retained for their benefit Agent Fees that Plaintiffs and the Class were entitled to be paid for work performed, and continue to benefit to the detriment and at the expense of Plaintiffs and the Class Members.

92.      Plaintiffs and the Class Members chose specific Defendants to place the Borrowers and the PPP Loans with the reasonable expectation of being paid as an Agent under the SBA Regulations.

93.     Defendants are intentionally retaining the monies allocated by the Federal Government for Agent Fees and paid to Defendants as part of their Lender Fees, despite knowing that said monies are owed to Plaintiffs and the Class Members.

94.     Defendants refuse to pay, or are willing to pay only a partial percentage of, the monies owed to Plaintiffs and the Class Members and are choosing to retain the Agent Fees for themselves in direct violation of SBA regulations.

95.     It is against equity and good conscience that Defendants be permitted to retain the benefits conferred upon them by Plaintiffs and the Class Members.

96.     Plaintiffs and the Class Members respectfully request this Court to order Defendants to disgorge the amount of the Agent Fees which Defendants wrongfully

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

misappropriated from the Plaintiffs and all Class Members, enjoin Defendants from continuing the improper acts as discussed herein, and award Plaintiff and all Class Members such other damages and relief that this Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of the Class, pray for the following relief:

1. For an Order certifying the Class as defined above, appointing Plaintiffs as Class representatives for the Class, and appointing Plaintiffs' counsel as Class counsel for the Class;

2. For an Order declaring Defendants' actions to be unlawful;

3. For an Order declaring that Defendants have been unjustly enriched

4. An award of all recoverable compensatory, statutory, treble and other damages sustained by Plaintiff and the Class Members, as well as equitable relief including disgorgement and enjoining Defendants from continuing the improper acts as identified herein, and all other available relief under applicable law;

5. For equitable relief to Plaintiffs and Class Members;

6. For an award of all recoverable compensatory, statutory, and other damages sustained by Plaintiffs and Class Members, and equitable relief including disgorgement, unjust enrichment, and all other available relief under applicable law;

7. For an award of punitive damages pursuant to applicable law;

8. For reasonable attorneys' fees and expenses as permitted by applicable statutes and law, including, but not limited to, Code of Civil Procedure section 1021.5;

9. For costs related to bringing this action;

10. For pre and post-judgment interest as allowed by law; and

11. Such further relief at law or in equity that this Court deems just and proper.

DATED:  June 5, 2020

**GERAGOS & GERAGOS, APC**

*/s/ Mark J. Geragos*
Mark J. Geragos
Ben J. Meiselas
Matthew M. Hoesly

**GRAYLAW GROUP, INC.**

*/s/ Michael E. Adler*
Michael E. Adler

**DHILLON LAW GROUP INC.**

*/s/ Harmeet K. Dhillon*
Harmeet K. Dhillon
Nitoj P. Singh

*Attorneys for Plaintiffs and the
Proposed Class*

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby demand trial of its claims by a jury to the extent authorized by law.

DATED:  June 5, 2020

**GERAGOS & GERAGOS, APC**

*/s/ Mark J. Geragos*
Mark J. Geragos
Ben J. Meiselas
Matthew M. Hoesly

**GRAYLAW GROUP, INC.**

*/s/ Michael E. Adler*
Michael E. Adler

**DHILLON LAW GROUP INC.**

*/s/ Harmeet K. Dhillon*
Harmeet K. Dhillon
Nitoj P. Singh

*Attorneys for Plaintiffs and the
Proposed Class*